**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**MARK RICE,**
       **Plaintiff,**

    **v.**                                                      **Case No. 19-C-0245**

**READING FOR EDUCATION, LLC,**
       **Defendant.**

---

## DECISION AND ORDER

Mark Rice, proceeding pro se, filed a complaint against Reading for Education, LLC ("RFE"), alleging claims for trademark infringement, unfair competition, deceptive trade practices, and trademark dilution. Before me now is RFE's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### I. BACKGROUND

According to the allegations of the complaint, which I accept as true for purposes of deciding the motion to dismiss, Rice has, since 1998, produced board games, card games, parlor games, and accessories with a zoo theme. Rice registered ZOO as a trademark, which he uses in connection with his card games and other products. The image below shows an example of how Rice uses the ZOO mark. (It appears on the packaging of one of his card games.)



Rice alleges that his ZOO products have been sold nationwide for more than 18 years through various outlets, including major retailers such as Barnes & Noble, Amazon, and Target, as well as zoo gift shops and other specialty stores. Rice also sells the products through his website.

Reading for Education advertises and promotes a school fundraising program under the brand "SchoolStore." A school that participates in the program will send a booklet of postcards home with a student to give to his or her parents. If the postcards are completed and returned to school, the student receives a prize. The literature accompanying the booklet tells parents that their child will "automatically receive a Squishy Zoo Mystery Animal just for completing the postcard booklet and returning it to

2

school tomorrow." Compl. Ex. D, p.2. This statement is printed next to the following image:



This image appears to show that "Squishy Zoo Mystery Animals" are foam toy animals in the shape of either a cow, unicorn, giraffe, turtle, or tiger.

Rice alleges that RFE's use of the word "zoo" in connection with its SchoolStore program infringes his ZOO trademark. He alleges that RFE's use of the word causes confusion among consumers over whether he is the source of RFE's product. Rice also alleges related claims for trademark dilution, unfair competition, and violation of Wisconsin's Deceptive Trade Practices Act, Wis. Stat. § 100.18. RFE moves to dismiss all claims.

## II. DISCUSSION

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In construing a plaintiff's complaint, I assume that all factual allegations are true but disregard statements that are conclusory. *Iqbal*, 556 U.S. at 678.

### A. Trademark Infringement

Counts I and II of the complaint allege claims under the Lanham Act for trademark infringement and unfair competition. *See* 15 U.S.C. § 1114(1)(a) (infringement of registered marks); 15 U.S.C. § 1125(a) (infringement of unregistered marks and unfair competition). Count III alleges a claim for unfair competition under Wisconsin common law. RFE moves to dismiss these three claims on the ground that Rice has not plausibly alleged that RFE's use of the word "zoo" is likely to cause confusion.

To show likelihood of confusion at trial, Rice will have to establish that it is probable (and not merely possible) that RFE's use of the word "zoo" will cause consumers who would use either Rice's products or RFE's products to be confused as to the source, affiliation, connection, or sponsorship of the products. *See Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015). The Seventh Circuit uses a seven-factor

test when evaluating whether the relevant consumers are likely to be confused: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any evidence of actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another. *Id.* At the pleading stage of the case, however, a plaintiff does not have to establish likelihood of confusion. Rather, his burden is to show that his allegations of consumer confusion are plausible. *See Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014).

In the present case, I find that a side-by-side comparison of the plaintiff's mark and the defendant's use of the word "zoo" shows that the plaintiff's allegation of confusion is plausible. *See generally Top Tobacco, L.P. v. North Atlantic Operating Co., Inc.*, 509 F.3d 380 (7th Cir. 2007) (visual comparison of marks may be used to assess likelihood of confusion). As the images above show, the plaintiff prominently uses the word "zoo" to describe a card game for children that involves zoo animals. RFE also prominently uses the word "zoo" to describe a children's product involving animals, some of which are zoo animals. Although RFE also uses the adjective "squishy," this does not render Rice's allegations of confusion implausible. It is at least plausible to think that a consumer could be confused as to whether RFE's product involves squishy toys that are affiliated with Rice's card game. A consumer could think "zoo" is the term that identifies the source of the product (Rice) and that the word "squishy" is an adjective that describes the nature of the product (a squishy toy). Thus, a consumer could think that RFE distributes squishy toys manufactured by or affiliated with Rice. Of

5

course, to prevail at trial, Rice will need to introduce survey evidence or other evidence showing that consumers are actually confused in this way, especially since "zoo" is such a common term and therefore makes for a rather weak trademark. But at the pleading stage, such evidence is not required.

RFE also points out that its literature uses the phrase "Squishy Zoo Mystery Animal," which is different than Rice's use of the word "zoo" in isolation. But this phrase appears next to the "Squishy Zoo" image reproduced above, which implies that the name of the product is "Squishy Zoo." The words "Mystery Animal" seem to suggest that it is a mystery as to which animal the child will receive if he or she returns the postcard booklet to school. Thus, it is at least plausible to think that the full phrase "Squishy Zoo Mystery Animal" will not prevent or alleviate confusion caused by the neighboring phrase "Squishy Zoo."

The seven-factor test also shows that Rice's allegations of confusion are plausible. I have already discussed the first factor—the degree of similarity between the marks in appearance and suggestion—and for the reasons explained it favors Rice. The second factor—the similarity of the products for which the name is used—also favors Rice, in that the products are both animal-related children's toys. The third factor—the area and manner of concurrent use—also favors Rice, as both products are aimed at elementary-school aged children. The fourth factor—the degree of care likely to be exercised by consumers—also favors Rice. It is plausible to think that parents and children will not exercise much care when evaluating these toy products, and that therefore the marks' similarity will not have to be high to cause confusion. However, the fifth factor—the strength or distinctiveness of the plaintiff's mark—favors RFE, as the

6

word "zoo" is commonly used in connection with a wide variety of products and services. Moreover, the sixth factor—actual confusion—also favors RFE, in that the complaint does not allege even a single instance of actual confusion.[1] Finally, the seventh factor—the defendant's intent to palm off its products as those of another— favors Rice, for he alleges that RFE intended to cause consumers to think that its products were affiliated with his. Compl. ¶ 27. Although RFE challenges Rice's allegation of intent, the Federal Rules allow intent to be pleaded generally. *See* Fed. R. Civ. P. 9(b). Thus, at the pleading stage, I must accept Rice's allegation of intent as true.

On balance, then, the seven factors favor Rice, and therefore he has plausibly alleged likelihood of confusion. RFE's motion to dismiss the trademark-infringement and unfair-competition claims will be denied.

**B.      Trademark Dilution**

Rice also alleges a claim for trademark dilution under 15 U.S.C. § 1125(c). However, a claim for trademark dilution is available only to the owner of a "famous" mark. *See id.* To be "famous," a mark must be a household name and cannot be famous only in a niche market. *See Top Tobacco*, 509 F.3d at 383–84; 4 McCarthy on Trademarks and Unfair Competition § 24:104 (5th ed.). Nothing in the plaintiff's complaint plausibly suggests that his ZOO mark has achieved household-name status.

---

[1] In his affidavit in response to the motion to dismiss, Rice states that his son received RFE's literature and was confused as to whether Rice was the source of the Squishy Zoo toys. However, in deciding a motion to dismiss, I generally may not consider matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). Still, I could grant Rice leave to amend his complaint to add the allegations concerning his son. But Rice states a claim even without this allegation, and therefore an amendment is unnecessary.

In any event, the word "zoo" is too common and widely used to be considered a famous mark usable by only a single firm. *See Top Tobacco*, 509 F.3d at 383–84 (word "top" too common and widely used to be a famous mark). Accordingly, Rice's claim for trademark dilution will be dismissed.

**C.     Wisconsin Deceptive Trade Practices Act**

Rice also alleges a claim under Wisconsin's Deceptive Trade Practices Act, Wis. Stat. § 100.18. To prevail on a claim under § 100.18, a plaintiff must prove three elements: (1) the defendant made a representation to the public with the intent to induce an obligation, (2) the representation was untrue, deceptive or misleading, and (3) the representation caused the plaintiff a pecuniary loss. *Novell v. Migliaccio*, 309 Wis. 2d 132, 150 (2008). RFE contends that, to prove the third element, Rice will have to prove that RFE's alleged misrepresentation deceived him into undertaking an obligation, such as purchasing one of RFE's products. RFE cites two district-court cases in support of its interpretation of the third element. *See Spacesaver Corp. v. Marvel Grp., Inc.*, 621 F. Supp. 2d 659, 661–62 (W.D. Wis. 2009); *SportPet Designs Inc. v. Cat1st Corp.*, No. 17-C-0554, 2018 WL 1157925, at *6–7 (E.D. Wis. March 2, 2018). In his brief in opposition to RFE's motion, Rice does not respond to RFE's argument on this point or contend that the district-court cases wrongly interpret Wisconsin law. Accordingly, I will follow the district-court cases and conclude that, to prevail on a claim under § 100.18, Rice must show that RFE's trademark infringement deceived him. Obviously, however, Rice could not plausibly allege that he was deceived by RFE's trademark infringement, for he knows whether or not he is the source of the Squishy Zoo toys. Accordingly, Rice's claim under § 100.18 will be dismissed.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that RFE's motion to dismiss (ECF No. 6) is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff's claim for trademark dilution and his claim under Wis. Stat. § 100.18 are dismissed for failure to state a claim. His claims for trademark infringement and unfair competition may proceed.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2019.

    s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge